UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| Melanie A. Lawrence, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CV-348-HAB |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of the Social | ) | |
| Security Administration[1], | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Melanie Lawrence's ("Lawrence") appeal of the Social Security Administration's Decision dated August 30, 2018 (the "Decision"). Lawrence filed her Complaint against Commissioner of Social Security (ECF No. 1) on August 9, 2019. Lawrence filed her Brief in Support of Complaint (ECF No. 12) on February 7, 2020. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 13) on March 10, 2020. Lawrence filed her reply (ECF No. 18) on April 15, 2020. This matter is now ripe for determination.

**ANALYSIS**

**1.**   *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th

---

[1] Andrew Saul is now the commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.** *The ALJ's Decision*

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, 3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

First, the ALJ found that Lawrence meets the insured status requirements of the Social Security Act through December 31, 2020. At step one, the ALJ found that Lawrence had not engaged in substantial gainful activity from since August 3, 2015, her alleged onset date. At step two, the ALJ determined that Lawrence had the following severe impairments: history of stroke, coronary artery disease, chronic obstructive pulmonary disease, hypertension, obesity, sleep apnea, depression, and anxiety. The ALJ further found that Lawrence had the non-severe impairment of diabetes. The ALJ found that Lawrence's possible multiple sclerosis is not a medically determinable

3

impairment.

At step three, the ALJ found that Lawrence did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (R. 15). At step four, the ALJ found that Lawrence had the residual functional capacity ("RFC") to:

> [p]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant may not climb ladders, ropes, or scaffolds, the claimant may not walk on slippery or uneven surfaces, the claimant can occasionally climb ramps and stairs, the claimant can occasionally balance, stoop, crouch, crawl, and kneel, the claimant can frequently engage in bilateral handling, fingering, and feeling; the claimant may be exposed to no dangerous machinery or unprotected heights, the claimant can engage in simple, routine work, not done at production rate pace, the claimant can interact with and react appropriately to coworkers and supervisors on [a] frequent basis, and occasionally with the general public.

(R. 17). At step five, the ALJ determined that Lawrence was unable to perform her past relevant work. However, the ALJ found that there were jobs that existed in significant numbers in the national economy that she could have performed. Therefore, the ALJ found that Lawrence was not disabled.

### 3. RFC Determination

Lawrence makes several arguments regarding the RFC determination. She argues that the ALJ failed to accommodate her hearing impairments, that the ALJ failed to accommodate other symptoms such as fatigue, that the ALJ erred in failing to consider her obesity in combination with her other impairments, and that the ALJ failed to accommodate her moderate limitations in concentrating, persisting, and maintaining pace.

The RFC measures what work-related activities a claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). A claimant's RFC must be

based upon the medical evidence in the record and other evidence, such as testimony by the claimant or his friends and family. 20 C.F.R. § 404.1545(a)(3). The ALJ need not discuss every piece of evidence, but must logically connect the evidence to the ALJ's conclusions so that the court can provide meaningful review. *See Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). In making that determination, the ALJ must decide which treating and examining doctors' opinions should receive weight and explain the reasons for that finding. 20 C.F.R. § 404.1527(d), (f). Additionally, the ALJ's RFC assessment must contain a narrative discussion describing how the evidence supports the ALJ's conclusions and explaining why any medical source opinion was not adopted if the ALJ's RFC assessment conflicts with such an opinion. SSR 96-8p, 1996 SSR LEXIS 5, *20, 1996 SL 374184, at **5, 7; *accord Briscoe v. Barnhart*, 425 F.3d 435, 352 (7th Cir. 2005).

First, Lawrence asserts that the ALJ failed to acknowledge or provide any limitations regarding her hearing loss. Lawrence was diagnosed with hearing loss in 2016, and her treating audiologist prescribed a hearing aid and stated that she would need ear protection while working. (R. 819-21, 1042, 1049). The Commissioner asserts that this is harmless error, as none of the jobs described by the VE required hearing. However, this error is not harmless. The ALJ never discussed Lawrence's hearing loss in the decision, despite the numerous indications she suffered from hearing loss in the record. The consultative examiner noted that she read lips to compensate for hearing loss. (R. 565, 568). Lawrence told her doctors that she struggled with her hearing in group settings and with hearing her television, and she needed to have her hearing aid adjusted. (R. 1017, 1021, 133-34).

The ALJ did not discuss Lawrence's hearing loss in the decision, nor did he account for any hearing limitations in the RFC. Specifically, the ALJ failed to at the very least include the need for ear protection at work and a need to limit environmental noise level. While the Commissioner

5

asserts that the jobs from the VE did not require hearing, this does not adequately address Lawrence's argument. While none of the jobs listed by the VE list hearing as a necessity of the job, Lawrence's ability to understand verbal instructions in group settings or her ability to hear in offices with background talking or noise may be affected by her hearing loss. Whether or not hearing is an essential part of the minutia of her job duties does not adequately explain Lawrence's hearing loss without a discussion of the hearing loss by the ALJ. Moreover, one of the jobs listed by the VE (Table Worker, DOT 739.687-182) is a factory/warehouse job, which is the exact sort of job that caused her hearing loss, and the audiologist found that Lawrence required the use of ear protection specifically due to her work in factories and warehouses. (R. 819-21, 1042, 1049).

The Court cannot determine whether or not the ALJ adequately considered Lawrence's hearing loss when it was never mentioned, let alone discussed, in the ALJ's decision. It is, of course, possible that Lawrence can still work the jobs listed considering her hearing loss. However, the evidence in the record indicates that she has hearing loss that may require functional limitations. With no discussion of her hearing loss, the Court cannot determine whether consideration of her hearing loss may have altered the ALJ's decision. This requires remand.

The ALJ also fails to specifically discuss the effect of Lawrence's obesity on her limitations, an omission that is particularly troubling here given that there is medical evidence that it exacerbates her cardiac issues and pain. *See Villano v. Astrue*, 556 F.3d 558, 562 (7thCir. 2009) ("[T]he ALJ must specifically address the effect of obesity on a claimant's limitations because, for example, a person who is obese and arthritic may experience greater limitations than a person who is only arthritic."). Notes from a clinic show both nutritional counseling and physical activity counseling being given at a visit. (R. 995). An ER visit note shows uncontrolled hypertension, and that Lawrence does not follow her heart healthy diet. (R. 1316-17). The ER visit also noted that her

chest pain symptoms grew worse with exertion. (R. 1317). The ER further noted that Lawrence would be "counseled extensively on appropriate dietary and sodium intake." (R. 1317). The doctor further noted that her blood pressure greatly improved when her edema was addressed, and that her edema was likely the result of poor diet. (R. 1318, 1322).

An ALJ must analyze a claimant's obesity and its effect on her ability to perform routine movement and necessary physical activity within the work environment. SSR 02-1p, 2002 SSR LEXIS 1. The Social Security Administration recognizes that obesity may limit a claimant's exertional abilities, ability to perform postural functions, and the ability to work on a regular and continuing basis. SSR 02-1p, 2002 SSR LEXIS 1, at *17.

Lawrence's BMI ranged from 43-48.5, making her severely obese. (R. 19). The ALJ found her obesity to severe. (R. 14). Lawrence also suffered from the severe impairments of coronary artery disease, chronic obstructive pulmonary disease, hypertension, and sleep apnea, all of which may be affected by obesity. Lawrence reported needing assistance with showering and stated that she could only stand for thirty minutes. (R. 18). Lawrence also regularly stated she had low endurance, was easily fatigued, struggled with lifting and walking on her right side, and that she frequently suffers from swelling in her legs. (R. 103-108). She also testified to needing a cane intermittently due to "pressure on [her] knee." (R. 114-15). A state agency physician noted that she reported difficulty walking and standing for long periods of time due to the swelling in her legs and feet. (R. 155). Lawrence's function report notes that she was short of breath when standing or walking. (R. 303-04). The ALJ failed to discuss Lawrence's obesity and how it may affect her symptoms and impairments. While the ALJ may still come to the same conclusion that Lawrence is capable of sedentary work with the limitations as listed in the RFC, the Court cannot determine that the ALJ properly considered Lawrence's obesity and its effect on her many health impairments

7

medically known to have a correlation with obesity. The ALJ failed to discuss her obesity outside of noting her BMI at any point in the decision. Without a proper analysis, the Court cannot determine that the ALJ considered her obesity either alone or in combination with Lawrence's other severe impairments. On remand, the ALJ will need to address Lawrence's obesity and its possible combined effects on her severe impairments.

Lawrence asserts several other arguments with regard to her RFC determination. Reconsideration of her hearing loss and obesity may alter the RFC and the subsequent hypotheticals to the VE. Because the Court is remanding to the Commissioner for further proceedings, it need not belabor the parties' other arguments. The ALJ will have an opportunity to fully consider the medical evidence on remand.

## 7. *Remedy*

The appropriate remedy in most cases where the Court finds the ALJ's decision wanting is to remand for further proceedings. This is so because a court does not have the authority to award disability benefits on grounds other than those provided under 42 U.S.C. § 423. Subsection (a)(1)(E) requires that the claimant must be disabled under the Act in order to qualify for benefits. As the Supreme Court stated in *Office of Personnel Management v. Richmond*, payment from the U.S. Treasury must be authorized by a statute. 496 U.S. 414, 424, 110 S. Ct. 2465, 110 L. Ed. 2d 387 (1990). Obduracy is not a ground on which to award benefits; the evidence properly in the record must demonstrate disability. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). Only if all factual issues have been resolved and the record supports a finding of disability is an award of benefits appropriate. *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998).

Here, the factual issues have not been resolved. The Court cannot determine whether the ALJ has properly considered two of Lawrence's impairments and their effect on her other

impairments. The evidence does not demonstrate disability with all factual issues resolved. As such, remand is the appropriate remedy, and an award of benefits is denied.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is REMANDED for further proceedings consistent with this Opinion and Order. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against the Defendant.

SO ORDERED on August 25, 2020.

                                  s/ Holly A. Brady
                                  JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT