UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MELANIE A. LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  1:19-CV-348-HAB |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court on a motion for award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed by the Plaintiff on November 23, 2020. (ECF No. 21).  Plaintiff seeks an award of $12,669.00. On December 4, 2020, the Commissioner filed a response to which Plaintiff replied on December 10, 2020.  For the following reasons, the motion will be granted and the Plaintiff shall receive the full amount of fees sought.

## Discussion

On August 25, 2020, this court entered a judgment in this case vacating the decision of the Commissioner and remanding the case for a new proceeding before an ALJ.  Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. Under the EAJA, the court may award "reasonable attorney's fees," which are set at the market rate. *See* 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall ... submit to the court an application for fees and other expenses which shows ... the amount sought, including an itemized statement from any attorney ... stating the actual time

expended"). The court has an independent duty to review the evidence and determine the reasonableness of the fees requested. *See Hensley*, 461 U.S. at 433, 436-47.[1]

Plaintiff's attorneys are seeking reimbursement for 61.5 hours of time up to and including the motion for fees and an additional 6.7 hours in preparing a reply brief to the EAJA Petition. The Commissioner does not claim that the Plaintiff fails to meet the requirements of the EAJA above. Rather, the Commissioner argues that Plaintiff's attorneys spent too many hours on this case, some of the hours are duplicative or overlapping, and the issues of the case were not complex thereby making the fees unreasonable. The Commissioner requests that the Court reduce the total hours claimed by 5.2 hours "to account for repeated research and drafting." (ECF No. 23 at 2).

When reviewing the reasonableness of a fee request, the Supreme Court has stressed that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original). Indeed, "billing judgment is an important component in fee setting" and counsel for the prevailing party should make a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id.*

The Commissioner does not contest the proposed statutory rate of $206.00 based on the applicable All Urban CPI-U. Rather, the Commissioner claims that Plaintiff's attorneys combined expenditure of 61.5 hours is unreasonable and urges the Court to reduce the total hours recoverable to 56.3 hours, which is within the 40 to 60 hours range the Commissioner contends are the typical

---

[1] Additionally, under the EAJA, 28 U.S.C. § 2412, this court must find that the position of the United States in the litigation or in the action (or failure to act) of the agency on which the civil action is based was not substantially justified and that there are no special circumstances which make an award under EAJA unjust; and that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances. The Commissioner concedes that the sole issue before the Court is the reasonableness of the requested fees.

hours spent on social security cases. The gist of the Commissioner's argument is that the facts and issues in Plaintiff's case were not novel or unusually complex so as to warrant the expenditure in excess of 60 hours attorney time.  The Commissioner also points out that the Plaintiff's attorneys were experienced social security attorneys and thus, the total claimed hours exceed what knowledgeable attorneys should charge.

This Court has recently made clear that it may "not mechanically reduce the number of hours 'absent a clear indication of why this is necessary'" *Trewyn v. Saul,* Case No. 1:19-CV-218-HAB, 2020 WL 7258686 at *2 (N.D. Ind. Dec. 10, 2020) (quoting *Mangual v. Berryhill,* No. 2:16-CV-417-TLS, 2018 WL 1616889, at *3 (N.D. Ind. Apr. 3, 2018)), nor should it arbitrarily reduce fees by "one-half, one-third, one-quarter, one-fifth, or some other fraction/percentage," *Evans v. Astrue*, No. 3:07-CV-290, 2008 WL 5235993, at *7 (N.D. Ind. Dec. 12, 2018), or even "on the basis of a generic comparison of time spent on different cases." *Delgado v. Astrue,* No. 11-CV-2849, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012). Thus, Plaintiff argues that the arbitrary reduction in fees to under 60 hours advocated by the Commissioner lacks legal or factual support.

In *Trewyn*, the Commissioner advocated that the Court apply a 60-hour ceiling for fees in social security cases. There, in declining to apply a ceiling for the recovery of fees, this Court acknowledged that courts within the Seventh Circuit have found that the typical range for cases is 40 to 60 hours but tempered that acknowledgment by noting that these same courts, "routinely refused to blindly apply… a ceiling." *Trewyn*, 2020 WL 7258686 at *2 (citing cases). For this reason, this Court stated that it "is not inclined to arbitrarily place all cases that come before it within a 'presumptive range' for fees." *Id.*

3

As far as whether the 5.2 hours challenged by the Commissioner are duplicative or otherwise unnecessary, the Commissioner makes little in the way of argument other than simply to object. The Commissioner does not pinpoint specific time entries he believes are duplicative nor does he direct the Court to any entries he finds troublesome. Rather, he makes what appears to be a random request to reduce the fees by 5.2 hours. This Court is "'loathe to second-guess the reasonableness of time expended by counsel preparing briefs in social security cases' since the claimants 'have no other method by which to present their case to the court and must attack every potentially reversible aspect of the [C]ommissioner's decision in a single brief.'" *Garcia v. Colvin*, No. 1:11-CV-00165, 2013 WL 1343662, at *4 (N.D. Ind. Apr. 3, 2013) (quoting *Groskreutz v. Barnhart,* No. 02–C–454–C, 2005 WL 567814, at *2 (W.D. Wis. Feb. 28, 2005).

The Court is equally unconvinced by the Commissioner's assertions that because the issues were neither novel nor complex a reduction in the hours expended was warranted. Assuming as the Commissioner argues that Lawrence's appeal may have covered some familiar territory, that does not mean that the repeated and more common arguments did not require a close analysis of the record and a detailed presentation to the court. Indeed, "most social security cases do not present particularly complex legal issues, but that does not mean that 'providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome' does not take time." *Martinez v. Astrue*, No. 2:10-CV-370-PRC, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012).

Finally, the Court is hesitant to adopt a blanket position seemingly advocated by the Commissioner that 5.2 hours expended by a second attorney to research, draft, edit and review the

4

briefs is *per se* duplicative and unnecessary. Collaboration among attorneys is often helpful and having fresh eyes review a lengthy brief for errors, missed legal issues or revisions is laudable. The Court does not find the additional hours expended by a second attorney in this case unreasonable.[2] Accordingly, this Court finds that Plaintiff has sufficiently demonstrated that the amount spent in this case was reasonable.

In her reply, the Plaintiff also makes a supplemental fee request in the amount of 6.7 hours for the drafting of the reply brief. Given the number of challenges to the fee petition raised by the Commissioner and the Plaintiff's success with this Motion, the Court finds that this is a reasonable request, and will use the hourly rate calculated by the Commissioner of $206.00 for this additional time. Accordingly, the Court will award a total of 68.2 hours of attorney time, up through and including the filing of the instant Motion and its briefing. *See Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 162 (1990) (allowing attorney fees for time spent preparing the EAJA request for fees).

## Conclusion

On the basis of the foregoing, Plaintiff's motion for EAJA fees (ECF No. 21) is GRANTED, and Plaintiff is hereby AWARDED $14,049.20 in EAJA fees. The Commissioner will direct that the award, less any amount for a pre-existing debt subject to federal offset, *see Astrue v. Ratliff,* 560 U.S. 586, 596-98 (2010), be made payable to the Plaintiff's attorney pursuant to the EAJA assignment submitted with the Plaintiff's request for fees.

---

[2] This is not to say that in every case where a second attorney reviews and researches issues in the briefs and the Plaintiff prevails, the Court will deem the hours expended by the second attorney to be reasonable. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley,* 461 U.S. at 437.

SO ORDERED on January 5, 2021.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT